LEVISOHN BERGER LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 486-7272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HEALTH MARK, INC.

Plaintiff,

v

LEADING EDGE MARKETING, LLC

and

POWER VIBE, LLC

Defendants.

---



JUDGE LYNCH

07 CV 3524

COMPLAINT

RECEIVED MAY 02 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Health Mark, Inc., (hereinafter "Health Mark"), by its attorneys, Levisohn Berger, LLP for its complaint against Defendants Leading Edge Marketing, LLC ("Leading Edge"), and Power Vibe, LLC states and alleges as follows:

### THE PARTIES

1.  Plaintiff Health Mark is a corporation of the State of New Jersey with its principal place of business at 590 Belleville Turnpike, Building 9B, Kearny, New Jersey.

2.  Upon information and belief, Defendant Leading Edge is a limited liability corporation organized under the laws of the State of Texas with its principal place of

business at 1595 N. Central Expressway, Dallas, TX 75080.

3. Upon information and belief, Defendant Power Vibe is a limited liability corporation organized under the laws of the State of Texas with its principal place of business at 1565 N. Expressway #200, Richardson, TX 75080.

## JURISDICTION AND VENUE

4 This action arises under the United States Trademark Act, 15 U.S.C. §§ 1051-1127, and related claims under the statutory laws and the common law of the State of New York. Subject matter jurisdiction is based upon 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Upon information and belief, by offering its product for sale through its website and/or shipping its product to New York, Defendants has had sufficient contacts with New York State for purposes of personal jurisdiction.

6 Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is the owner of the mark POWER VIBE.

8 Plaintiff has promoted, marketed, and sold a whole body vibration (exercise) product (hereinafter "the Product") in interstate commerce as early as July 18, 2006 under the mark POWER VIBE (also referred to herein as "the Mark").

9 Plaintiff has used the Mark in point-of-sale advertising banners in various retail establishments to promote its Product as early as July 18, 2006.

10. Plaintiff has advertised its Product under the Mark, which has become a

valuable asset as a symbol of Plaintiff's high quality of goods.

11. Plaintiff's product continues to be sold in interstate commerce under the Mark.

12. Upon information and belief, Defendants began using the mark POWER VIBE in interstate commerce in connection with an exercise machine after Plaintiff's use of the same.

13. Upon information and belief, Defendants' first use of the POWER VIBE mark was August 8, 2006. Defendants have filed the Power Vibe mark with the United States Patent and Trademark Office which has been given this serial number 78954274.

14. Defendants sent a letter on February 5, 2007 advising Plaintiff to cease and desist using the POWER VIBE mark alleging that the POWER VIBE name is owned by the principals of Power Vibe, LLC and Leading Edge Marketing LLC, both of which are Texas companies.

15. Plaintiff, through its counsel, without conceding its position as owner of the Mark communicated to Defendants its willingness to consider using an alternative mark in connection with its product in order to avoid costly legal proceedings, or otherwise burdening its customers.

16. Upon information and belief, Defendants contacted vendors, customers and other parties involved in promoting and selling Plaintiff's product without Plaintiff's knowledge and/or permission and misleadingly informed them that Plaintiff was infringing Defendants' trademark.

17. Defendants' actions have impaired Plaintiff's business relationships.

18. Plaintiff has endured a loss of sales as a direct result of Defendants'

foregoing activities and has consequently suffered significant monetary loss

19. As a result of the foregoing, Plaintiff asserts its superior rights to be the exclusive user of the Mark for its Product. Plaintiff's initial willingness to consider using an alternative mark were for the purposes of avoiding legal costs and refraining from burdening Plaintiff's customers. These purposes have been frustrated by Defendants' widespread and outrageous activities described herein. Defendants' use and of the Mark has resulted in significant loss of money and goodwill and has impaired some of Plaintiff's business relationships.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT

20. Plaintiff hereby incorporates by reference paragraphs 7 through 19 with the same effect as if they were here reproduced and realleged.

21. Plaintiff asserts its right as owner and user of the mark POWER VIBE to use the same in connection with its Product.

22. Defendants' use of the POWER VIBE mark for an exercise product causes a likelihood of confusion, deception, and mistake, and is an infringement of Plaintiff's trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

23. Plaintiff seeks an order enjoining Defendants from using the Mark in accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116.

24. By reasons of the foregoing Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in Section 34 of the Lanham Act, 15 U.S.C. § 1116.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

25. Plaintiff hereby incorporates by reference paragraphs 7 through 19 with the same effect as if they were here reproduced and realleged.

26. Plaintiff's trademark is associated with goods emanating from Plaintiff. Defendants' interstate use of the identical mark constitutes a false designation of origin and constitutes the use of false description or representation in interstate commerce.

27. Defendants' conduct is likely to deceive, cause mistake and confuse members of the public that Defendant is associated with, sponsored by or authorized by the Plaintiff.

28. Defendant has used a false designation of origin and description in contravention of Section 42(a) of the Lanham Act, 15 U.S.C. 1125(a).

29. Plaintiff has been injured in an amount not yet ascertained.

## THIRD CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH
## PLAINTIFF'S BUSINESS RELATIONS

30. Plaintiff hereby incorporates by reference paragraphs 7 through 19 with the same effect as if they were here reproduced and realleged.

31. Upon information and belief, Defendants asserted its alleged trademark right by misleadingly representing to parties with whom Plaintiff had a legal business relationship that Defendants possessed superior rights to the POWER VIBE mark and that

Plaintiff infringed the same.

32. Upon information and belief, Defendants had knowledge of the fact that Plaintiff was the first user of the mark and as such its true owner.

33. Defendants' representation of rights to the Mark (paragraph 31) was unlawful.

34 As a result of Defendants' activities alleged in Paragraph 31, some of Plaintiff's business relations have been impaired causing significant monetary damage to Plaintiff.

35. Upon information and belief, Defendants have improperly asserted their rights to the Mark by contacting Plaintiffs customers.

36. Plaintiff has been injured in an amount not yet ascertained.

### FORTH CAUSE OF ACTION
### PRIMA FACIA TORT

37 Plaintiff hereby incorporates by reference paragraphs 7 through 19 with the same effect as if they were here reproduced and realleged.

38. By engaging in the foregoing conduct, Defendants intentionally inflicted harm on Plaintiff, causing special damages without excuse or justification, by a series of acts that would otherwise be lawful.

### FIFTH CAUSE OF ACTION
### NEW YORK LAW GENERAL BUSINESS LAW
### INJURY TO BUSINESS REPUTATION

39. Plaintiff hereby incorporates by reference paragraphs 7 through 19 with the same effect as if they were here reproduced and realleged.

40. As a result of Defendant's conduct alleged herein, Defendant has caused an injury to Plaintiff's business reputation.

41. Defendants' conduct comprise sufficient grounds for a Court injunction under New York Gen. Bus. Law Art. 24 § 360-l.

WHEREFORE, Plaintiff respectfully requests that this Court grant it a judgment;

A. Ordering that Defendants, its employees, servants, agents and all others acting in concert therewith be enjoined from using the POWER VIBE mark or any other mark which is a colorable imitation of the Mark in such a way that there is a likelihood of confusion as to the source of services and goods in the minds of the purchasing public;

B. the Defendants be enjoined from asserting its alleged trademark rights

C. that Defendants be directed to file with this Court and serve on Plaintiff within 10 days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. the Defendants be ordered to account for and pay over to Plaintiff all profits, gains and advantages wrongfully realized by it in pursuit of its acts of trademark infringement;

E. the Defendants be ordered to account for and pay over to Plaintiff all profits, gains and advantages lost by Plaintiff as a result of Defendants' wrongful interference with Plaintiff's business relationships;

F. that Defendants be required to pay to Plaintiff such damages as Plaintiff has

sustained as a consequence of Defendants' acts of unfair competition, including multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117;

G.  that Defendants be required to deliver up for impoundment or destruction all labels, signs, prints, packages, wrappers, receptacles, advertisement materials and goods now in its possession which bear or display the Power Vibe mark or colorable imitations of plaintiff's marks, together with any and all plates, negatives or other reproduction items capable of printing, reproducing or duplicating the infringing marks;

H.  that Defendants be required to pay Plaintiff's costs, expenses and reasonable attorney's fees in connection with this action pursuant to 15 U.S.C. § 1117; and

I.  that Plaintiff be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

Dated: New York, New York
May 2, 2007

Respectfully submitted,
LEVISOHN BERGER

By: _____
Peter L. Berger (PLB 0121)
Jane Linowitz (JL 4682)

61 Broadway 32nd Floor
New York, New York 10006
(212) 486-7272
Attorneys for Plaintiff